## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Wilber Valera Gonzalez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4676 |
| | § | |
| Gabriel Martinez, *et al.*, | § | |
| | § | |
| Respondents. | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Wilber Valera Gonzalez is a native and citizen of Cuba who is charged with unlawfully entering the United States in 2023. Docs. 1 ¶¶ 2.b & 11, 7 at 2, 7-1. On May 24, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 ¶ 4, 8 ¶ 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates substantive and procedural due process.[1] Doc. 1 ¶¶ 31–35.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8.[2] Respondents maintain that

---

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 31–35. The Court assumes that Petitioner intends to raise due both due process challenges.

[2] In his Reply, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183,

Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 14th of August, 2026.

_____
Nicholas J. Ganjei
United States District Judge

---

(5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.